UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FENHONG DU,

                  Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

                  Respondents.

No. 1:26-cv-01435-DJC-CSK

ORDER

Petitioner Fenhong Du has filed a Petition for Writ of Habeas Corpus ("Pet." (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from immigration custody after sixteen (16) months of detention. Respondents have indicated that they do not oppose converting the Motion into one for a Preliminary Injunction. (Opp'n (ECF No. 9) at 6.) Having considered the arguments made and exhibits in support of the Petition and Motion and those submitted in opposition, the Court now rules directly on the underlying claims raised in the Petition. For the reasons stated below, the Petition is granted as to Count 1.

Petitioner is a 40-year-old woman, a native and citizen of China, who entered the United States on October 12, 2024. (Pet. ¶¶ 1, 30.) After immediately surrendering to federal agents and requesting asylum, she was placed in immigration detention and has been detained continuously ever since. (*Id.* ¶¶ 1, 4.) She is

1

currently detained at California City Detention Facility. (*Id.* ¶ 33.) A final order of deportation was entered against Petitioner on October 21, 2025, and she timely filed an appeal which remains pending. (*Id.* ¶ 5.) Petitioner received a bond hearing on January 17, 2026, which was denied for a perceived lack of jurisdiction. (*Id.* ¶ 7.) Petitioner does not challenge the discretionary decision to place her in expedited proceedings or the implementation of those proceedings, but rather, she challenges the constitutionality of her prolonged detention while the removal process is effectuated. (*Id.* ¶ 22.) She contends she has a procedural due process right to a hearing before a neutral decisionmaker at which the government should justify that she is a danger or a flight risk. (*See generally* Mot.) For their part, Respondents contend that Petitioner's detention is mandated by 8 U.S.C. § 1225(b)(1)(B)(ii), that she is not entitled to a bond hearing, and that her detention and removal proceedings comport with due process. (*See generally* MTD (ECF No. 9).) Respondents also request that the Court not enjoin Respondents from effectuating removal. (*Id.* at 5.)

Petitioner raises claims similar to ones this Court has already addressed. This Court has previously joined other districts in concluding that the unreasonably prolonged detention of individuals such as Petitioner under section 1225(b) without a bond hearing can violate the Due Process Clause. *See Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

Petitioner has a clear liberty interest in securing her freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in October of 2024 and has remained in custody continuously since then. (Mot. at 3.) On October 21, 2025, an Immigration Judge denied Petitioner's asylum application and Petitioner timely appealed. (*Id.* at 2.) Therefore, Petitioner faces indefinitely prolonged detention while the administrative and potentially judicial review of her asylum claim takes place. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is now due process under the Constitution. Courts in this Circuit weigh the following factors to ascertain when prolonged detention violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); *see, e.g.*, *Sandesh v. LaRose*, No. 3:26-cv-00846-JES-DDL, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026) (finding "it most appropriate to apply the *Banda* test to Petitioner's detention here under § 1225(b), as other courts within this district have done in the past" and collecting cases).

First, the "length of detention, which is the most important factor," weighs in Petitioner's favor as Petitioner has been detained for sixteen months. (Pet. ¶ 4; *Martinez*, 2019 WL 5968089, at *9.) That length of time aligns with that other courts in this Circuit have found sufficiently prolonged to warrant relief. *See, e.g.*, *Mohammed*,

2026 WL 192368, at *3 (ordering bond hearing after seventeen months' detention); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025) (ordering bond hearing for noncitizen detained under 8 U.S.C. § 1226(c) for 13 months); *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382 (E.D. Cal. May 16, 2025) (ordering bond hearing for citizen detained under 8 U.S.C. § 1225(b) for 20 months).

The second factor also weighs in Petitioner's favor.  This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals."  *Martinez*, 2019 WL 5968089, at *9. Petitioner's appeal of the Immigration Judge's November decision "remains pending." (Mot. at 2.)  Further, either party may seek Ninth Circuit review of the Board of Immigration Appeals' ("BIA") decision.  Therefore, Petitioner faces indefinitely prolonged detention while administrative and potentially judicial appeals of his removal order are decided.  Thus, this factor weighs in Petitioner's favor.  *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third factor tilts toward Petitioner.  While the government has not presented any arguments or evidence about the conditions of Petitioner's

4

confinement, she has alleged that her "arrest and detention have caused and will cause immediate, tremendous, and ongoing harm, which include mental health issues, hygiene, sleep and nutrition deprivation, separation from her religious community, emotional and economic harm, loss of employment, and psychological harm," (Mot. at 4), and that conditions at California City Detention Facility are "debilitating," (Pet. ¶ 78). "The more that conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 285 F. Supp. 3d. at 1119.

The fourth and fifth factors lean toward Petitioner. Respondents do not assert that Petitioner has unreasonably or in bad faith delayed her own removal proceedings. *See Martinez*, 2019 WL 5968089, at *10 (distinguishing between "legitimate defenses" to removal, "which cannot undermine [a petitioner's] claim that detention has become unreasonable" and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings"). Moreover, Petitioner has alleged, and Respondents do not dispute, that she "has done everything the government asked her to do, diligently attending every [ICE] and United States Citizenship and Immigration Services appointment asked of her and retaining counsel . . . for her immigration case" and that she has no criminal history. (Pet. ¶¶ 3, 68.) Petitioner's appeal of the Immigration Judge's decision on her asylum claim is a legitimate avenue for relief from removal and does not weigh against her. *See Masood v. Barr*, No. 19-cv-7623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2022).

Finally, the sixth factor is neutral as the Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of these factors supports Petitioner as several factors, including the most important one, the length of Petitioner's detention, weigh in Petitioner's favor while none weigh in the Government's favor.  Having established Petitioner has a liberty interest and determined that her prolonged and indefinite detention entitles her to process, the Court grants Petitioner a bond hearing.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count I.[1]

2.  Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[2]  In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000.

////

////

////

////

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

[2] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here.  *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).

3.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 23, 2026**

_Daniel J. Calabretta_
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE