UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENHONG DU,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-01435-DJC-CSK<br><br><u>RELEASE ORDER</u><br>A#: 221-343-576 |

Petitioner is an immigration detainee who received a bond hearing before an Immigration Judge pursuant to an order by this Court. At the bond hearing, the Immigration Judge denied bond, concluding that Petitioner was a flight risk. Petitioner now files an Amended Motion to Enforce Judgement challenging the bond order she received as constitutionally inadequate. (Am. Mot. (ECF No. 15).) For the reasons discussed below, Petitioner's Motion is GRANTED as to the Second Claim for Relief.

**BACKGROUND**

On March 23, 2026, this Court granted Petitioner's Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a "constitutionally adequate bond hearing before an Immigration Judge" within seven days. *Du v. Chestnut*, No. 1:26-cv-01435-DJC-CSK, 2026 WL 823090, at *3 (E.D. Cal. Mar. 23, 2026). The Court

specified that "[a]t this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present." (*Id.*) On March 25, 2026, a bond hearing was held. The Immigration Judge found that Petitioner was a flight risk and denied release on bond. (Digital Audio Recording ("DAR") (ECF No. 16).) Petitioner has now been in immigration detention for over twenty months. (Am. Mot. ¶ 15.) The briefing on this matter is complete. (Am. Mot. (ECF No. 15); Opp'n (ECF No. 17); Reply (ECF No. 18).)

## DISCUSSION

Federal district courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted). The Court therefore reviews the Immigration Judge's bond decision for clear error.

In its prior order ordering bond, the Court instructed: "the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." *Du*, 2026 WL 823090, at *3. The clear and convincing standard requires DHS to present evidence that establishes "an abiding conviction that the truth of its factual contentions are highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (internal citation and quotation marks omitted); *see Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015). This is only the case where "the material it offered instantly tilted the evidentiary scales in the affirmative when weighed against the evidence . . . offered in opposition." *Colorado*, 467 U.S. at 316. Thus, "the Court must decide whether the [Immigration Judge] relied

upon proof that – as a matter of law – could not establish" Petitioner's dangerousness or risk of flight. *Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018).

At the start of the hearing, DHS proposed two reasons why Petitioner was a flight risk: 1) her entry without inspection or admission, and 2) her lack of pathway to relief, especially given that the Immigration Judge previously found her non-credible in her asylum proceedings. (DAR.) These two arguments cannot carry DHS' burden. This Court and others have held that "reliance on Petitioner's manner of entry, without evidence of individualized concerns related to Petitioner, does not reach the clear and convincing standard." *Muzahir v. Chestnut*, No. 1:26-cv-02246-DJC-CSK, 2026 WL 1949010, at *4 (E.D. Cal. July 6, 2026) (explaining that "the arguments made by DHS – specifically, lack of relief and manner of entry – rest on considerations other courts have rejected as legally insufficient to meet the clear and convincing standard" and collecting cases); *see also Tiboko-Tifuh v. Noem,* No. 26-cv-01215-JO-DEB, 2026 WL 1603795, at *2 (S.D. Cal. June 4, 2026) ("[e]ntry without inspection is common among asylum seekers; absent individualized evidence regarding the particular circumstances surrounding Petitioner's entry or other evidence of past noncompliance, it is insufficient to support a reasonable inference of Petitioner's tendency toward future nonappearance"). Likewise, as this Court has explained, relying on the speculation that Petitioner would be unlikely to succeed in obtaining immigration relief is not "evidence of flight that remotely approaches the clear and convincing standard." *Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026); *see also Tiboko-Tifuh*, 2026 WL 1603795, at *3 (finding that the Immigration Judge's reliance on the speculation that Petitioner was unlikely to succeed on appeal and would have nothing to "come back for" did not replace evidence or satisfy the clear and convincing evidence standard). Therefore, the two arguments presented by DHS are insufficient to meet the burden of proof under the clear and convincing standard.

The Court next turns to the additional reasons for the bond denial given by the Immigration Judge, which were based on additional testimonial evidence the Immigration Judge elicited by examining the Petitioner after both parties had declined the IJ's query as to whether they wanted to examine Petitioner. Through this additional questioning, the Immigration Judge uncovered two new reasons to deny bond: credibility concerns and sponsor non-proximity.

The Immigration Judge asked Petitioner: "I ordered you removed because I did not find you credible, is that correct?" (DAR.) Petitioner confirmed that fact. (*Id.*) The Immigration Judge also expressed concerns about Petitioner's credibility based on the inconsistent terms she used referring to her partner, which included "fiancé," "husband," and "ex-husband." (*Id.*) Petitioner clarified that she had reconciled with the same individual she had been formerly married to in China so that her partner was both her ex-husband and fiancé, and that she had mistakenly referred to him by the wrong terms. (*Id.*) The Immigration Judge relied on credibility in her oral decision, stating in part, "I am denying you bond because I don't believe your testimony is credible against the backdrop of the totality of the circumstances." (*Id.*) The Immigration Judge also raised the issue of sponsor proximity *sua sponte* after questioning Petitioner extensively about her sponsor and anticipated living situation. (*Id.*) The Immigration Judge concluded that because "Respondent's sponsor is in Louisiana and the Respondent will be in New York," she did not "believe on that record that [the sponsor] can shepherd [Petitioner] to court." (*Id.*)

The Court notes that as a preliminary matter, new evidence solicited by the Immigration Judge *sua sponte* does not affect the burden of proof question discussed above. Where DHS bears the burden to show flight risk or danger by clear and convincing evidence, the Immigration Judge cannot rely on arguments that DHS did not present to find that DHS successfully met their clear and convincing burden. *N.A. v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03007-MBK, 2026 WL 1045196, at

*8 (C.D. Cal. Apr. 15, 2026) (finding that the IJ misapplied the clear and convincing standard where the IJ raised the issue of flight risk *sua sponte* and "proceeded to question Petitioner's counsel extensively" to generate the factual basis for finding flight risk); *Youba Heboud v. Blanche,* No. 5:26-cv-03484-KS, 2026 WL 2494985, at *5 (C.D. Cal. Aug. 24, 2026) (finding that the IJ erred in finding that the Government established by clear and convincing evidence that the petitioner was a flight risk where "the government did not present any argument to meet its burden" and the IJ "independently raised the issue of flight risk and proceeded to ask Petitioner questions") (internal quotation omitted); *Cervantes Arredondo v. Baltazar*, No. 1:25-cv-03040-RBJ, 2025 WL 5236084, at *3 (D. Colo. Dec. 18, 2025) (holding that where the government bears the burden of proof and the Immigration Judge considers evidence not raised by the Government, that evidence "cannot substitute for the government's obligation to establish danger or flight risk by clear and convincing evidence in the first instance"). Stated simply, the adjudicator cannot supply a party's burden of proof. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).

Even if DHS had properly presented the two new arguments proposed by the Immigration Judge based on her questioning of Petitioner, they would not be sufficient to meet DHS' burden of proof.[1] While the role of the non-credibility determination in the Immigration Judge's decision on flight risk is not clear from the DAR, credibility could, in theory, have relevance in bond proceedings in two ways. First, it could have bearing on the likelihood of relief, as DHS suggested in its argument regarding Petitioner's lack of pathway to relief. But as discussed, courts have rejected that grounds as sufficient to support flight risk under the clear and convincing standard. Second, non-credibility could be used to undermine the affirmative or mitigating evidence offered by Petitioner. However, this would not

[1] DHS did raise Petitioner's past non-credibility determination as explanation for why Petitioner does not have a pathway to relief as discussed above. (DAR.) However, DHS did not raise credibility concerns outside its claim about Petitioner's obstacles to immigration relief.

support DHS' burden of proof: it would only have bearing on Petitioner's capacity to mitigate any evidence presented to meet that initial burden. The clear and convincing standard requires a "tilt" in "the evidentiary scales in the affirmative when weighed against the evidence . . . offered in opposition." *Colorado*, 467 U.S. at 316, 104 S.Ct. 2433. Even if the Immigration Judge rejects all of Petitioner's evidence as non-credible, the "evidentiary scales" would be even and the clear and convincing standard would not be met. *See Singh v. Warden of the California City Det. Facility*, No. 1:26-cv-04188-DJC-CKD, 2026 WL 2475601, at *1 (E.D. Cal. Aug. 24, 2026) (holding that deficiencies or absences in Petitioner's evidence cannot serve as the basis of a finding that DHS has met its clear and convincing standard); *Cervantes Arredondo*, 2025 WL 5236084, at *3 (explaining that In other words, even if the evidence put forth by Petitioner is not credible to the Immigration Judge and therefore cannot be weighed in Petitioner's favor, the Immigration Judge cannot use the alleged non-credibility of Petitioner's evidence to find that DHS' affirmative burden has been met.

Likewise, treating Petitioner's non-proximity to the sponsor as dispositive evidence of flight risk would once again invert the burden. While proof of a nearby sponsor able to shepherd a noncitizen to their proceedings could be a mitigating factor, its absence cannot be used as a basis to find that DHS met their clear and convincing burden – even if that evidence had been presented by DHS rather than *sua sponte*. "Only after the IJ is satisfied that the evidence proffered by DHS, standing on its own, establishes 'a firm belief or conviction' that release on bond is not warranted should the court consider whether the noncitizen's evidence sufficiently rebuts, mitigates, or undermines the government's showing." *Cervantes Arredondo v. Baltazar*, 2025 WL 5236084, at *3. A bond decision "that instead treats gaps or weaknesses in the noncitizen's presentation equally with the affirmative proof submitted by the government collapses this sequence." *Id.*

Accordingly, the Immigration Judge's determination that Petitioner is a flight risk such that no amount of bond would be appropriate was an abuse of discretion due to the failure to apply the appropriate standard during the hearing. The final question is remedy. "Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [ ] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases). In line with the Court's past cases ordering release where the Government failed to provide the required bond hearing, the Court holds that the appropriate remedy here Petitioner's immediate release. *See, e.g., Rodriguez Bustillo v. Andrews*, No. 1:26-cv-05737-DJC-AC, 2026 WL 2225717, at *1 (E.D. Cal. Aug. 3, 2026) (explaining that a delay in providing a bond hearing "violates Petitioner's due process rights and justifies release."); *Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (holding that "Petitioner's lengthy detention without the process afforded to him under 8 U.S.C. § 1226(a) warrants release" where "the Government intentionally chose to deny Petitioner the right to a bond hearing, and there is no indication before the Court of prima facie evidence that Petitioner could be found to be a risk of flight or a danger to the community); *see also Y.S.G. v. Andrews*, No. 2:25-cv-01884-SCR, 2025 WL 2979309, at *11 (E.D. Cal. Oct. 22, 2025) (ordering release after determining that the Immigration Judge's order "did not comply with the clear and convincing standard" ordered by the court).

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Amended Motion to Enforce Judgment (ECF No. 15) is GRANTED as to the Second Claim for Relief.[2]

---

[2] In the interest of judicial economy, this Court does not address Petitioner's other claims for relief.

2. Respondents are ORDERED to immediately release Petitioner Fenhong Du from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

4. The Clerk of the Court is also directed to close this action. This order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 8, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Du-126-cv-01435.merits